PHILLIP A. TALBERT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA A. SIMMONS, ESQ.,<br><br>　　　　　　　Defendant. | CASE NO. 2:17-CV-01374-TLN-DB<br><br>**SETTLEMENT AGREEMENT; AND ORDER APPROVING SETTLEMENT** |

**I. PARTIES**

1.　　The parties, by their authorized representatives, hereby agree to resolve the allegations contained in the United States' complaint for student loan default (ECF No. 1) against defendant Patricia A. Simmons, Esq., as set forth below. The Parties submit this settlement agreement for the Court's review and approval.

**II. BACKGROUND/ALLEGATIONS**

2.　　Defendant resides in and maintains a law practice within this district.

3.　　On August 6, 2003, Defendant executed a Promissory Note to secure a Federal Direct Consolidation loan from the U.S. Department of Education (the ED). Defendant's total loan amount was $106,423.65 at 8.25% interest per annum. The ED disbursed the loan proceeds

SETTLEMENT AGREEMENT AND ORDER

1

for Defendant's benefit on August 29, 2003.

4. Defendant defaulted on the loan on November 25, 2010. Pursuant to 34 C.F.R. § 685.202(b), a total of $56,389.84 in unpaid interest was capitalized and added to the principal balance.

5. Although the United States demanded payment for the unpaid loan, Defendant failed to repay the defaulted loan amount when and as due. The ED has credited Defendant a total of $7,302.92 in payments from all sources, including Treasury Department offsets, towards her loan balance. As of June 15, 2017, Defendant owes the United States $256,850.10, representing $162,164.23 in unpaid principal and $94,685.87 in interest. Interest continues to accrue on the principal sum at a daily rate of $36.63.

6. Pursuant to the Promissory Note, the United States is entitled to recover attorney fees and costs to compensate it for its litigation fees and expenses.

7. Defendant admits the complaint's allegations.

### III. TERMS AND CONDITIONS

8. In consideration of their mutual promises and covenants, and the Defendant's admission as stated in paragraph 7, above, the Parties agree to resolve the complaint upon the following terms (the Agreement):

    A. Entry of Judgment. Defendant consents to entry of judgment in favor of the United States in the amount of $256,850.10 plus 2% interest per annum, compounded annually (the Judgment Amount). Defendant has reviewed and "approved as to form and content" the judgment lodged with the Court and shall satisfy the Judgment Amount via the payment plan set forth below.

    B. Judgment Enforcement and Satisfaction. The United States will record abstracts of judgment in the counties where Defendant has, or may have interests in real property. Other than recording abstracts of judgment, the United States agrees that it will not seek to enforce its judgment except as stated herein provided Defendant complies with this

Agreement's terms. Upon Defendant's fulfillment of the Agreement, the United States will file a satisfaction of judgment with the Court.

  C. Payment schedule. Defendants shall pay the Judgment Amount to the United States on the dates, in the amounts, and in the manner as follows:

   i. July 15, 2017, $500.

   ii. August 15, 2017, and continuing on the fifteenth day of each consecutive month thereafter, until the judgment is satisfied, $250.

   iii. By July 1, 2017, the Defendant shall list and market for sale her real property located at 308 McNabe Court, Suisun City, CA 94585 (the Suisun City Property), and pay the net sales proceeds through escrow.

  D. Payment procedure. Defendant shall make her payments to the United States using one of the secure methods the United States Treasury Department provides at its URL: https://www.pay.gov. There is no prepayment penalty and Defendant is encouraged to accelerate her payments as her financial situation allows. She will receive dollar-for-dollar credit for all accelerated payments she makes.

  E. Treasury Offset Program (TOP). The United States will enter Defendant into the TOP until the Judgment Amount is paid in full or Defendant complies with paragraph 8F, below, whichever occurs first. She will receive dollar-for-dollar credit for the monies the United States withholds pursuant to the TOP.

  F. Sale of real property. Defendant shall list the Suisun City Property for sale by July 1, 2017. All occupants must have vacated the property by August 21, 2017. By July 1, 2017, Defendant shall deliver to the United States—in accordance with paragraph 8H of this Agreement—copies of the documents associated with the sale including, but not limited to: the listing agreement with a California licensed broker; all pertinent information about the home; comparable sales; and a fair market value list price. The sales commission may not exceed six

percent (6%) of the sales price and the listing agent must list the home for sale on the Multiple Listings Service and exercise reasonable diligence in marketing and showing the property for sale. Defendant shall deliver to the United States all purchase offers and all amendments and counter-offers related thereto. She may not reject reasonable purchase offers. Once the Property is in escrow, the United States shall be entitled to a copy of the: buyer's pre-approval letter; an appraisal report; preliminary title report; settlement statement; and any other documents deposited into escrow. All sales proceeds remaining after payment of (if applicable) bona fide transaction costs and commissions, the lender's deed of trust, and liens senior to the United States' abstract of judgment from this case, shall be paid as stated in paragraph 8D, above, or as the United States otherwise directs.

  G. Satisfaction of Judgment. The United States will file a satisfaction of judgment in this case once the Defendant pays the Judgment Amount in full or complies with paragraph 8F, above, whichever occurs first.

  H. Default. Defendant shall be in default if she fails to make a timely payment or comply with the Sale of Real Property related paragraphs above, and thereafter fails to cure the default within twenty (20) days from the date the United States mails written notice of the deficiency to Defendant at the address stated in paragraph 8I, below. If Defendant fails to cure her default, the United States may declare any unpaid balance immediately due and owing and proceed with collections efforts against her. No further notice is required. If the United States is required to enforce the judgment, Defendant agrees to a litigation surcharge of ten (10) percent of the balance owing to compensate the United States for its collections costs as authorized by 28 U.S.C. § 3011(a) of the Federal Debt Collection Procedures Act.

  I. Written Notice. Except as provided elsewhere in this Agreement,

SETTLEMENT AGREEMENT AND ORDER  4

whenever written notice is required, the notice shall be addressed and mailed, via certified mail, to the individuals identified below, unless those individuals or their successors give notice of a change of address to the other party in writing.

As to the United States:

>Kurt A. Didier
>Assistant United States Attorney
>United States Attorney's Office
>501 I Street, Suite 10-100
>Sacramento, CA  95814
>Phone:  916-554-2700
>Facsimile:  916-554-2900

As to Defendant:

>William J. Campbell, Jr., Esq.
>Fitzgerald & Campbell
>400 N Tustin Ave., Ste., 375
>Santa Ana, CA  92705-3830
>Phone:  855-709-5788
>Facsimile: 855-672-5058

The 20 day cure period provided by the default notices referenced in paragraph 8H, above, commences from the date the United States mails a default notice to Defendant.  All other notices shall be considered effective upon receipt.

9. In consideration of Defendant's undertakings, and subject to the exceptions stated below, the United States fully and finally releases Defendant and agrees to settle and relinquish all claims it may have against her arising from the subject matter of this action.

10. Defendant fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which Defendant asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the prosecution and settlement of this case.

11. Defendant warrants that she: has reviewed her financial situation; currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I); and shall remain solvent following her payments to the United States as set forth in paragraph 8C (Payment schedule), above. Defendant warrants further that this Agreement does not presently impose an undue hardship upon her or her dependents within the meaning of 11 U.S.C. § 523(a)(8) and applicable case law. More specifically, that: Defendant can make the Payment schedule payments and maintain, based on her current income and expenses, a minimal standard of living for herself and her dependents; no additional circumstances exist indicating that she cannot make the settlement payments while maintaining a minimal standard for herself; and without a change in circumstances, a default on the settlement payments would demonstrate a lack of a good faith effort to repay this student loan debt.

12. This Agreement is for the Parties' benefit only.

13. The Parties agree to execute and deliver such other and further documents as may be required to carry out this Agreement's terms.

14. Each Party and signatory to this Agreement represents that he or she has completely read, fully understands, and voluntarily accepts the Agreement's terms following an opportunity for review by legal counsel of his or her choice.

15. Each party further warrants and represents that no party or its representative has made any promise, representation or warranty, express or implied, except as set forth in this Agreement and that each party has not relied on any inducements, promises or representations made by any party to this Agreement, or its representatives, or to any other person, except as expressly set forth herein.

16. The Parties negotiated this Agreement, each of whom had the opportunity to participate in its drafting. It is therefore the Parties' intent that the words of this Agreement shall be construed as a whole so as to effect their fair meaning and not for, or against any party in any subsequent dispute, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

SETTLEMENT AGREEMENT AND ORDER  6

17. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.

18. This Agreement is governed by the laws of the United States; and, to the extent state law applies, by California law.

19. This Agreement constitutes the complete agreement between the Parties. It may not be amended except by the Parties' written consent.

20. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

21. Except as stated otherwise in this Agreement, each Party shall bear its own legal and other costs incurred in connection with this action, including the preparation and performance of this Agreement.

22. This Agreement may be executed in counterparts and circulated for signature by facsimile or electronic transmission. All such counterparts, together, shall be deemed one document. The Agreement is effective as of the date it is signed.

23. The Parties understand that as of the effective date, this Agreement will be a matter of public record.

FOR THE UNITED STATES OF AMERICA:

                      PHILLIP A. TALBERT
                      United States Attorney

Dated: July 6, 2017           By:   /s/
                                          KURT A. DIDIER
                                          Assistant United States Attorney
                                          Attorneys for the United States of America

FOR DEFENDANT PATRICIA A. SIMMONS:

Dated:  June 26, 2017				By:	  /s/_____
							PATRICIA A. SIMMONS
							An individual

APPROVED AS TO FORM AND CONTENT:

Dated:  June 27, 2017				By:	  /s/_____
							WILLIAM J. CAMPBELL, JR., ESQ.
							Attorney for Defendant

SETTLEMENT AGREEMENT AND ORDER

8

**O R D E R**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement), and finding good cause therefrom, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated: July 12, 2017

Troy L. Nunley
United States District Judge

SETTLEMENT AGREEMENT AND ORDER

9